IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **PAUL KELLER** and **LORENZO HERRING**, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br>v.<br><br>**VENUS CONCEPT USA INC**,<br><br>**Defendant.** | CASE NO.<br><br>JUDGE<br>MAG JUDGE<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Plaintiffs Paul Keller ("Keller") and Lorenzo Herring ("Herring") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby bring suit against Defendant Venus Concept USA Inc. ("Defendant") alleging as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiffs individually, and as a collective action (the "Collective Action") for Plaintiffs and all current or former salary-paid Field Service Engineers company-wide who worked more than 40 hours in any workweek performing FSE services for (or in furtherance of the business of) Defendant, for which they were internally classified and paid by any Defendant as "exempt" from the overtime laws (each a "FSE" and collectively "FSEs") within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA relevant period") (each a "Putative Collective Member" and collectively "Putative Collective

1

Members"), whose Consent to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA is filed with the Court (each a "Collective Member" and collectively "Collective Members").

2.  Plaintiffs also bring this action against Defendant, individually and collectively on behalf of all current or former FSEs who were principally based in California, or who performed work in furtherance of the business of Defendant within the State of California and who were not paid or provided all of the benefits required, under the California Labor Code and applicable wage orders for their work performed in furtherance of the business of Defendant if principally based in California or, if not principally based in California, for that work performed within the State of California, within the maximum four year statute of limitations period (the "California claims").

## THE PARTIES

3.  Plaintiff Keller is, and was at all times relevant to his employment as alleged herein, a resident of Ohio.

4.  Plaintiff Keller worked as a FSE for Defendant during the period of approximately June, 2021 until approximately April, 2023 (Keller's "period of FSE employment").

5.  Plaintiff Herring is, and was at all times relevant to his employment as alleged herein, a resident of Texas.

6.  Plaintiff Herring worked as a FSE for Defendant from approximately April, 2021 until approximately December, 2022.

7.  According to its corporate filing with the Florida Secretary of State, Defendant is a Delaware corporation with its principal address within this federal judicial district at 4001 SW

47th Avenue, Suite 206, Davie, Florida 33314, and may be served with process on its registered agent, Incorp Services, Inc., 3458 Lakeshore Drive, Tallahassee, Florida 32312.

8. At all material times, Plaintiffs Keller and Herring were each an "employee" as that term is defined in 29 U.S.C. § 203(e)(1) and the statutes at issue in the California claims.

9. Defendant employed Plaintiffs Keller and Herring to work as a FSE throughout their employment.

10. During the period that Plaintiffs Keller and Herring worked as a FSE for Defendant, Defendant was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the statutes at issue in the California claims.

11. During each calendar year of the FLSA relevant period, Defendant was an enterprise engaged in commerce that had annual gross sales of at least $500,000.

12. Defendant transacted business across state lines during each calendar year of the FLSA relevant period.

13. Plaintiffs individually traveled and performed services as a FSE across state lines during their employment as a FSE.

14. The FSEs traveled and performed services as FSEs across state lines during their employment as FSEs.

## JURISDICTION & VENUE

15. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

16. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' California state law claims under the California Labor Code, applicable IWC Wage Order, and the California Business & Professions Code, because their state law claims and the

federal claims derive from a common nucleus of operative fact and form part of the same case or controversy.

17. Venue is proper in the Fort Lauderdale division of this judicial district under 28 U.S.C. § 1391 because Defendant operates out of corporate headquarters located in Broward County within the Fort Lauderdale division of this judicial district; and a substantial part of the events giving rise to the claim herein occurred in the Fort Lauderdale division of this judicial district, including but not limited to corporate management of Plaintiffs' and the FSEs' employment, FLSA classification, and payment of wages at issue.

18. Defendant is subject to personal jurisdiction in this judicial district because its principal address is located within this judicial district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by any Defendant as FSEs at any time during the FLSA relevant period.

20. Plaintiffs frequently worked over 40 hours in a workweek during their period of FSE employment, including time spent traveling to and from work sites that cut across regular working hours, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the FLSA relevant period that did not contain overtime pay at time and a half their applicable regular rate.

21. The Putative Collective Members employed by Defendant frequently worked over 40 hours in a workweek during their respective periods of FSE employment, including time spent traveling to and from work sites that cut across regular working hours, and received one or more

paychecks on the regularly scheduled pay dates for such workweeks within the FLSA relevant period that did not contain overtime pay at time and a half their applicable regular rate(s).

22. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the other Putative Collective Members.

23. There are many similarly situated current and former Putative Collective Members who have not been paid overtime pay for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it; thus, notice should be sent to the Putative Collective Members pursuant to 29 U.S.C. § 216(b).

24. The Putative Collective Members are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## STATEMENT OF FACTS

25. Defendant employed Plaintiffs and the Putative Collective Members during the FLSA relevant period.

26. Defendant maintained control, oversight, and discretion over their operations, including their employment practices with respect to Plaintiffs and the Putative Collective Members.

27. Plaintiffs' and the Putative Collective Members' work was performed in the normal course of Defendant's businesses and was integrated into it.

28. Consistent with the Defendant's policy, pattern and/or practice, Plaintiffs and the Putative Collective Members worked over 40 hours in one or more workweeks, but Plaintiffs and the Putative Collective Members did not receive overtime pay on one or more regularly scheduled pay dates within the relevant period for hours worked as FSEs in excess of 40 in

those workweeks.

29. The work that the Plaintiffs and the Putative Collective Members performed was assigned by Defendant and/or Defendant was aware of the work that they have performed.

30. Defendant's internal purposes classification of the exempt status under the FLSA of all of its FSE positions, including Plaintiffs' positions, was a centralized, company-wide policy, pattern and/or practice.

31. Defendant internally classified and paid Plaintiffs and Putative Collective Members as exempt from the overtime laws throughout the FLSA relevant period.

32. Plaintiffs' and the FSE's primary duty did not include duties qualifying for exemption from the FLSA's overtime pay requirements.

33. Regardless of where they worked, the work that Plaintiffs and the Putative Collective Members performed as part of their primary duty did not include:

    a.    hiring;
    b.    firing;
    c.    disciplining their employer's other employees;
    d.    scheduling;
    e.    supervising and directing their employer's employees; or
    f.    exercising meaningful independent judgment and discretion.

34. Plaintiffs' and the FSEs' primary duties were manual in nature and were not performed in an office.

35. The performance of manual labor duties onsite at client locations occupied the majority of Plaintiffs' and the FSEs' working hours.

36. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants internally classified, and paid, all of its FSE positions, including Plaintiffs' position, as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the FLSA relevant period.

37. Upon information and belief, Defendant did not perform a person-by-person analysis of the FSEs' job duties when making the decision to classify the FSEs (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

38. Defendant's conduct alleged herein was willful and/or in reckless disregard of the FLSA and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime compensation to its FSEs.

39. Defendant knew that FSEs were not performing work that plainly and unmistakably complied with any FLSA exemption and acted willfully or recklessly in failing to classify and pay Plaintiffs in their FSE position and other FSEs as non-exempt employees.

40. During the relevant periods, Defendant was aware or should have been aware, through its management-level employees, that Plaintiffs in their FSE position and FSEs were primarily performing non-exempt duties.

41. During the relevant periods, Defendant was aware that Plaintiffs worked in excess of 40 hours per workweek on one or more occasion.

42. During the relevant periods, Defendant was aware that FSEs worked in excess of 40 hours per workweek on one or more occasion.

43. During the relevant periods, Defendant was aware that when Plaintiffs and any FSE worked in excess of 40 hours per workweek, Plaintiffs and each such FSE did not receive overtime pay on the regular pay dates for those workweeks.

44. During the relevant periods, Defendants knew or recklessly disregarded the fact that the FLSA required them to pay Plaintiffs and the Putative Collective Members primarily performing non-exempt duties overtime pay for hours worked in excess of 40 per workweek.

45. Defendant's unlawful conduct was therefore willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime pay to FSEs.

46. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the Putative Collective Members. This policy and pattern or practice includes but it is not limited to:

   a. willfully misclassifying Plaintiffs and the Putative Collective Members as exempt from the requirements of the FLSA;

   b. willfully failing to pay Plaintiff and the Putative Collective Members overtime pay for hours that they worked in excess of 40 hours per week; and

   c. requiring Plaintiff and the Putative Collective Members to perform non-exempt tasks as their primary duties.

### FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### (individually and collectively)

47. At all relevant times, Defendant has been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. Defendant is subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

49. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

50. Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the consents filed with this Court.

51. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

52. During the FLSA relevant period, Defendant had a policy and practice of not paying overtime pay to Plaintiffs and the Putative Collective Members for hours worked in excess of 40 hours per workweek.

53. As a result of Defendant's willful failure to compensate Plaintiffs and the Putative Collective Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54. During the FLSA relevant period, Defendant did not keep accurate records of the start and end times of all compensable work time for Plaintiffs and the Putative Collective Members as required under the FLSA.

55. During the FLSA relevant period, Defendant failed to post notices in the workplace pertaining to Plaintiffs' and other Putative Collective Members' employee rights as required by 29 C.F.R. § 516.4.

56. Due to Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiffs and the Putative Collective Members were manual labor

(not in an office) and involved non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiffs 'and the Putative Collective Members' job duties to ensure that they were performing exempt work as their primary job duties, Defendant's failure to keep accurate time records of Plaintiffs' and the Putative Collective Members' hours worked, Defendant's failure to post notices in the workplace notifying Plaintiffs and the Putative Collective Members of their rights under the FLSA, and Defendant's knowledge that Plaintiffs and the Putative Collective Members worked overtime hours without receiving overtime compensation, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

57. As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Putative Collective Members, are entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

58. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**SECOND CLAIM FOR RELIEF**
**Failure to Pay Overtime Compensation under California Law**
**(individually and collectively)**

59. Plaintiffs reallege and incorporates by reference paragraphs 2 – 46 as though fully set forth herein.

60. At all times relevant to this action, Plaintiffs were employed by (or performing covered work for) Defendant within the meaning of the California Labor Code and applicable Wage Order and performed work as a FSE within the State of California (herein "California

Work") for Defendant during one or more work weeks that was covered by the California Labor Code, including but not limited to performing work at assigned customer sites within the State of California.

61. Plaintiff Keller worked at least approximately 4-5 full workweeks in California performing California Work in which he worked overtime hours, including but not limited to working over 8 hours in day and over 40 in a week.

62. Plaintiff Lorenzo Herring worked at least approximately 2-3 full workweeks in California performing California Work in which he worked overtime hours, including but not limited to working over 8 hours in day and over 40 in a week.

63. The California Labor Code and applicable IWC Wage Order requires employers, such as Defendant, to pay overtime compensation to all covered non-exempt employees for overtime hours worked within the State of California.

64. Plaintiffs were non-exempt employees entitled to be paid proper overtime compensation for all California Work hours worked under applicable California law.

65. During the relevant statutory period, Plaintiffs performed California Work in excess of eight (8) hours in a work day, twelve (12) in a work day, more than eight (8) hours on their seventh consecutive day of work, and 40 hours in one or more work weeks for Defendant, for which they did not receive the pay required under California law on the regular pay dates for those hours worked.

66. During the relevant California period, Defendant failed and refused to pay Plaintiffs proper compensation for California Work hours worked.

67. Defendant had a policy and practice of failing and refusing to pay proper compensation for California Work to Plaintiffs, and any FSEs assigned to perform California

Work, for their hours worked.

68. By the course of conduct set forth above, Defendant violated the California Labor Code and the applicable Wage Order, Cal. Labor Code §§ 226, 510, 1174, 1174.5, and 1194; Cal. Wage Order No. 4-2001; and the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200 et seq. (for Plaintiffs and the Putative Collective Members who performed California Work). Defendant's violation of these laws was willful.

69. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### Failure to Pay All Wages upon Separation of Employment under California Law
### (individually and collectively)

70. Plaintiffs reallege and incorporate by reference paragraphs 2 – 46 and 59 – 69 as though fully set forth herein.

71. California Labor Code §§ 201 and 202 require Defendant to pay covered employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

72. At all times during the California period, Plaintiffs were not timely paid all wages due for California Work as required by Labor Code § 203. Defendant's violation of this law was willful.

73. As a consequence of Defendant's willful conduct in not paying proper compensation for all California Work hours worked, Plaintiffs are entitled to up to thirty days'

wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### Unfair Competition under California Law
### (individually and collectively)

74. Plaintiffs reallege and incorporate by reference paragraphs 2 – 46 and 59 – 73 as though fully set forth herein.

75. The foregoing conduct regarding California Work, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

76. Beginning at a date unknown to Plaintiffs, but at least as long ago as the year 2021, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiffs by wrongfully denying them earned wages for California Work, and therefore was substantially injurious to Plaintiffs.

77. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws regarding California Work. Each of these violations constitutes an independent and separate violation of the UCL:

    a. Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

    b. California Labor Code §§ 510 & 1194

    c. California Labor Code §§ 226.7 & 512

78. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or

otherwise significantly threatens or harms competition.

79. The harm to Plaintiffs in being wrongfully denied lawfully earned wages for California Work outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

80. Pursuant to Business and Professions Code § 17200 et seq., Plaintiffs are entitled to restitution of the overtime earnings and other unpaid wages alleged herein for California Work that was withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs seek entry of a judgment against Defendant finding liability under the FLSA, and entering the following relief on behalf of themselves and all others similarly-situated:

A. Designation of this action as a collective action on behalf of the Putative Collective Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and, as to California Work, the California laws;

C. An award of unpaid wages under the FLSA and, as to California Work, the California laws, for all hours worked as FSEs in excess of 40 in a workweek at a

   rate of one and one-half times the regular rate of pay (and for Plaintiffs and all other FSEs performing California Work requiring premium payments, in excess of eight (8) in a workday at a rate of one and one-half times the regular rate of pay, and in excess of twelve (12) in a workday or in excess of eight (8) hours on the seventh consecutive day of work at a rate of two times the regular rate of pay);

D. An award of liquidated damages as a result of Defendant's failure to pay overtime premiums for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay, in an amount equivalent to the unpaid wages;

E. An award of waiting time and all other penalties and damages under California law for California Work;

F. An award of all allowable interest, including pre-judgment and post-judgment interest, as provided by law;

G. An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to Plaintiffs; and

H. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/Andrew R. Frisch*
Andrew R. Frisch
Florida Bar No.: 27777
Morgan & Morgan
8151 Peters Rd, Suite 4000
Plantation, FL 33324
Tele: 954-318-0268
E-mail: afrisch@forthepeople.com

C. Andrew Head*
Bethany A. Hilbert*
Attorneys for Plaintiffs
**HEAD LAW FIRM, LLC**

15

4422 N Ravenswood Ave<br>
Chicago, IL 60640<br>
T: (404) 924-4151<br>
F: (404) 796-7338<br>
E: ahead@headlawfirm.com<br>
bhilbert@headlawfirm.com

*Requesting *pro hac vice* admission

## JURY TRIAL DEMANDED

Plaintiffs, individually and on behalf of the Putative Collective Members, demand a trial by jury for all issues so triable.

*/s/Andrew R. Frisch*
*Andrew R. Frisch*

16