UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60657-AUGUSTIN-BIRCH

PAUL KELLER, *et al.*,

    **Plaintiffs,**

v.

VENUS CONCEPT USA INC.,

    **Defendant.**
_____/

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CLOSING CASE

This cause comes before the Court on the parties' Joint Motion for Approval of FLSA Settlement Under 29 U.S.C. § 216(b). DE 61. The Court ordered the parties to file the fully executed settlement agreement, DE 62, and the parties complied with this Court's Order. *See* DE 63-1 (fully executed settlement agreement). Having carefully considered the Joint Motion and the record and being otherwise fully advised in the premises, the Court **GRANTS** the parties' Joint Motion [DE 61].

Plaintiffs filed this collective action against Defendant,[1] alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay them overtime wages. DE 12. Plaintiffs also alleged numerous employment-related causes of action arising under California law. *See id.* Under the terms of the parties' Settlement Agreement, Defendant agreed to pay Plaintiffs a total of $135,000. DE 63-1 at 2. That amount will be distributed as follows: (1) $5,000 to both Plaintiff Paul Keller and Plaintiff Lorenzo Herring ("Named Plaintiffs") as payment for a general release, (2) $45,000 to Plaintiffs' counsel for fees and costs, and (3) $80,000 as wages and liquidated damages to be divided on a pro rata basis for each Plaintiff as calculated by a formula the parties crafted. *Id.* at 3–4.

---

[1] Some Plaintiffs are former employees of Defendant whereas others are current employees. *See* DE 12.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties discuss the *Leverso* factors for the Court. First, the parties state that, after consideration of the relative strengths and weaknesses of their respective cases, they decided to settle in order to avoid the time, expenses, and risks associated with continued litigation. DE 61 at 5–6. Second, the parties note that they settled after participating in a settlement conference and mediation but before undergoing extensive, formal discovery. *Id.* at 6–7. Third, both sides believe strongly in their respective probability of success, but both sides also believe that the settlement is an appropriate resolution of the dispute and saves the expense of additional resources required for discovery and motion practice. *Id.* at 7. Fourth, the parties explain that there is a bona fide dispute regarding how to calculate Plaintiffs' purported damages, and this has caused the parties to have vastly different damages calculations. *Id.* at 8. Lastly, the parties note that their counsel are experienced in litigating claims under the FLSA and that their counsel believe the settlement is fair and reasonable. *Id.* at 9.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case settled roughly eight months after Plaintiffs initiated litigation and after the parties participated in a settlement conference this Court conducted. The Court concludes

that application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a general release for the Named Plaintiffs, DE 63-1 at 5–6, and some courts decline to approve FLSA settlement agreements that contain a general release. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). However, because the Named Plaintiffs are receiving independent consideration for the general release in addition to payments for their unpaid wages and liquidated damages, the Court concludes that the Settlement Agreement's release clause is fair and reasonable. *See Mendes v. Endocrinology & Diabetes Assocs., P.A.*, No. 0:24-CV-60324, 2024 WL 4308757, at *2 (S.D. Fla. July 19, 2024) (recommending approval of general release in FLSA settlement agreement where plaintiff received additional consideration for the release and was represented by experienced FLSA counsel), *report and recommendation adopted*, No. 24-60324-CIV, 2024 WL 4298867 (S.D. Fla. Sept. 26, 2024).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, Plaintiffs' counsel will receive $45,000 for fees and costs. DE 63-1 at 3. Plaintiffs' counsel attached their billing records to the Joint Motion, and those records indicate costs of $1,010.27 and fees of $71,725 for 163 hours of work at an hourly rate of $650 for Attorney C. Andrew Head and $400 for Attorney Bethany Hilbert. DE 61-1 at 2–11. After subtracting $1,010.27 in costs from the Settlement Agreement's provision of $45,000 for Plaintiffs' counsel, $43,989.73 remains to compensate Plaintiffs' counsel in fees. Dividing $43,989.73 by the total 163 hours of work claimed by Plaintiffs' counsel equates to an

3

averaged hourly rate of $269.88 for both attorneys. The Court concludes that the payment to be made to Plaintiffs' counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include various standard provisions, such as a choice-of-law clause and a severability clause. *See* DE 63-1 at 7–8. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court **GRANTS** the Joint Motion for Approval of FLSA Settlement Under 29 U.S.C. § 216(b) [DE 61], **APPROVES** the Settlement Agreement [DE 63-1], and **DISMISSES THE CASE WITH PREJUDICE**. The Court retains jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement.

**The Clerk of Court is directed to close this case. Any hearings are canceled, any deadlines are terminated, and any motions are denied as moot.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 20th day of February, 2025.

                                              PANAYOTTA AUGUSTIN-BIRCH
                                              UNITED STATES MAGISTRATE JUDGE